Model Plan
12/1/2011

Trustee:  ☐ Marshall      ☐ Meyer
          ☐ Stearns        ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                              )  Case No. __13_ B ___18678___
                                                    )
_____ Edward P. Komperda _____,   )
                                                    )  ☐
                            Debtors.                )  Original    **Chapter 13 Plan, dated** _____

☑ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

| Section A *Budget items* | 1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is ___1___; (b) their ages are _____1 adult_____; (c) total household monthly income is $ 3,227.00 ____: and (d) total monthly household expenses are $ 3,043.00 , leaving $ 184.00 available monthly for plan payments.  <br><br> 2. The debtor's Schedule J includes $ 0.00 for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___0___ months prior to filing this case. |
|---|---|
| Section B *General items* | 1. The debtor assumes only the unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation. <br><br> 2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows: <br><br> (a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition. <br><br> (b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder. <br><br> 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor. <br><br> 4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J. |
| Section C *Direct payment of claims by debtor* | ☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/ <br><br> ☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J-increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters-directly to the following creditors holding claims secured by a mortgage on the debtor's real property: <br> Creditor: _RBS Citizens, N.A. (first mortgage)_ , monthly payment, $ 225.00 ; <br> Creditor: _RBS Citizens, N.A. (second mortgage)_ , monthly payment, $ 1,050.00 . <br><br> *If this box is* ☐ *checked, additional direct mortgage payments are listed on the* ***overflow page.*** |

| **Section D**<br><br>*Payments by debtor to the trustee; plan term and comple-tion* | 1. *Initial plan term.* The debtor will pay to the trustee $ 180.00                monthly  for      35    months [and $ 195,000.00    monthly for an additional     1    months], for total payments, during the initial plan term, of $ 201,300.00    . [Enter this amount on Line 1 of Section H.]<br><br>2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.<br><br>3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan   /or/<br>☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2. |
| **Section E**<br><br>*Disburse-ments by the trustee* | The trustee shall disburse payments received from the debtor under this plan as follows:<br><br>1. *Trustee's fees.* Payable monthly, as authorized; estimated at      6     % of plan payments; and during the initial plan term, totaling $ 12,078.00    . [Enter this amount on Line 2a of Section H.]<br><br>2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or de-creased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or simi-lar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall no-tify the debtor of any such change at least 7 days before putting the change into effect. Any current mort-gage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid by the trustee under this plan.<br><br>(a) To creditor _____ , monthly payments of $_____ . These payments, over the term of the plan, are estimated to total $ 0.00    .<br><br>(b) To creditor _____ ,  monthly payments of $_____ . These payments, over the term of the plan, are estimated to total $ 0.00    .<br><br>If this box ☐ is checked, additional current mortgage payments are listed on the overflow page. The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ 0.00    . [Enter this amount on Line 2b of Section H.]<br><br>3.1. *Other claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at the annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):<br><br>(a) Creditor: _____        Collateral: _____<br>Amount of secured claim: $_____ APR \_\_\_\_\_% Fixed monthly payment: $_____;<br>Total estimated payments, including interest, on the claim: $ _____ ☐ Check if non-PMSI<br><br>(b) Creditor: _____        Collateral: _____<br>Amount of secured claim:$_____ APR \_\_\_\_\_% Fixed monthly payment: $_____;<br>Total estimated payments, including interest, on the claim: $ _____ ☐ Check if non-PMSI |

2

| Section E | If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph. |
|---|---|

**Section E**

*Disbursements by the trustee*

If this box ☐ is checked, additional secured claims are listed on the overflow page. [All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.

The total of all payments on these secured claims, including interest, is estimated to be $_____.
[Enter this amount on Line 2c of Section H.]

3.2. *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.

(a) Creditor: _____        Collateral: _____

(b) Creditor: _____        Collateral: _____

If this box ☐ is checked, additional claims covered by this paragraph are listed on the overflow page.

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ 1,881.00_____.[Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____ ,
arrears of $ _____ payable monthly from available funds, pro rata with other mortgage arrears,
☐without interest /or/ ☐with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ _____.

(b) To creditor_____ ,
arrears of $ _____ payable monthly from available funds, pro rata with other mortgage arrears,
☐without interest /or/ ☐with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ _____.

If this box ☐ is checked, additional mortgage arrearage payments are listed on the overflow page.
The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $ _____. [Enter this amount on Line 2e of Section H.]

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ _____. [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as a priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:   shall be paid at _____% of the allowed amount. The total of all payments to this special class is estimated to be $_____. [Enter this amount on Line 2g of Section H.] Reason for the special class:_____ .

3

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, in-cluding unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata,☐in full, /or /☑to the extent possible from the payments set out in Section D, but not less than____10____% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.*☐Interest shall not be paid on unsecured claims /or☐interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of _____%. [Complete Line 4d of Section H to reflect interest payable.]

| | |
|---|---|
| **Section F** *Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) prior-ity claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. |
| **Section G** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. |

**Section H**

*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 201,300.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
- (a) Trustee's Fees — $ 12,078.00
- (b) Current mortgage payments — $ 0.00
- (c) Payments of other allowed secured claims — $ 0.00
- (d) Priority payments to debtor's attorney — $ 1,881.00
- (e) Payments of mortgage arrears — $ 0.00
- (f) Payments of non-attorney priority claims — $ 0.00
- (g) Payments of specially classified unsecured claims — $ 0.00
- (h) Total *[add Lines 2a through 2g]* — $ 13,959.00

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ 187,341.00

(4) Estimated payments required after initial plan term:
- (a) Estimated total GUCs, including unsecured defi-ciency claims under § 506(a) — $ 189,953.00
- (b) Minimum GUC payment percentage — 10 %
- (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* — $ 18,995.30
- (d) Estimated interest payments on unsecured claims — $ 0.00
- (e) Total of GUC and interest payments *[add Lines 4c and 4d]* — $ 18,995.30
- (f) Payments available during initial term *[enter Line 3]* — $ 187,341.00
- (g) Additional payments required *[subtract Line 4f from line 4e]* — $ -168,345.70

4

|  | (5) Additional payments available:<br>    (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $_____<br><br>    (b) Months in maximum plan term after initial term     _____<br>    (c) Payments available *[multiply line 5a by line 5b]*     $ 0.00 _____ |
|---|---|
| **Section I**<br><br>*Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |
| *Signatures* | **Debtor(s) [Sign only if not represented by an attorney]**<br><br>_____  _____ **Date** _____<br><br>**Debtor's Attorney/s/** _David P. Lloyd_ _____ **Date** ____4/29/13_____ |
| *Attorney Information (name, address, telephone, etc.)* | David P. Lloyd<br>David P. Lloyd, Ltd.<br>615B S. La Grange Road<br>La Grange, Illinois 60525<br>708-937-1264<br>708-937-1265 (fax) |

**Special Terms** *[as provided in Section G]*

The Debtor will make adequate protection payments, consisting of interest only, at the rate of 5% per annum, in the approximate amount of $225.00/month on the first mortgage on the Debtor's residence in favor of RBS Citizens, N.A., commencing on the first day of the calendar month following the filing of this Chapter 13.

The Debtor will make adequate protection payments, consisting of interest only, at the rate of 5% per annum, in the approximate amount of $1,050.00/month on the second mortgage on the Debtor's residence in favor of RBS Citizens, N.A., commencing on the first day of the calendar month following the filing of this Chaptger 13.

The Debtor will satisfy the first and second mortgage liens of RBS Citizens, N.A., in the Debtor's residence by the sale of the residence at 45 Longcommon Drive, Riverside IL 60546. Any net proceeds from the sale, over the Debtor's $15,000 exemption, will be turned over to the Trustee.

The Debtor will sell the real estate at 1245 N. California Av., Chicago, Illinois, and turn over all net proceeds of the sale to the Trustee.

The single payment of $195,000.00 in Section D.1 is an estimate and represents the combined net proceeds of the sale of the 45 Longcommon Drive (after payment of first and second mortgage liens) and the sale of the 1245 N. California Av. properties.

The percentage to be paid to general unsecured creditors under Section E.8 is an estimate and neither a minimum nor a maximum. The Debtor expects that the payment to general unsecured creditors will exceed 10%, but will turn over all net proceeds (after liens) of the sale of the two parcels of real estate and such payment, plus the monthly payments specified in Section D.1 will fund a "pot plan."

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                 Case No. 13-18678-JPC
Edward P. Komperda                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: ajauregui          Page 1 of 3          Date Rcvd: May 02, 2013
                              Form ID: pdf001          Total Noticed: 68


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 04, 2013.
```
db            +Edward P. Komperda,   C/O Mark Komperda,   2925 Lincoln,   Riverside, IL 60546-1659
20431144       AT & T Universal Card-Citi,   Processing Center,   Des Moines, IA 50363-0001
20431146       AT&T Universal Card-Citi Bank,   Processing Center,   Des Moines, IA 50363-0001
20431138       Advanced Renal Care LTD,   PO Box 967,   Tinley Park, IL 60477-0967
20431139       Adventist Hinsdale Hospital,   75 Remittance Drive, Suite 3250,   Chicago, IL 60675-3250
20431141       American Express,   US Payment Florida,   2965 W. Corporate Lakes Blvd.,
                 Fort Lauderdale, FL 33331-3626
20431140       American Express,   Optima-Platinum Card,   Box 0001,   Los Angeles, CA 90096-8000
20431142       American Express-Blue Card,   Box 0001,   Los Angeles, CA 90096-8000
20431143       Associates in Infectious Disease,   777 Oakmont Lane, Suite 1600,   c/o KLO Professional Billing,
                 Westmont, IL 60559-5577
20431145       At&T Mobility,   PO Box 6416,   Carol Stream, IL 60197-6416
20431147       Baker & Miller, P.C.,   29 N. Wacker Drive,   Suite 500,   Chicago, IL 60606-2854
20431148       Bank of America,   P.O. Box 851001,   Dallas, TX 75285-1001
20431149       Bank of America-Visa Signature,   P.O. Box 851001,   Dallas, TX 75285-1001
20431150       Bank of America-World Points,   P.O. Box 851001,   Dallas, TX 75285-1001
20431151      +Blitt and Gaines,   661 W. Glenn Ave.,   Wheeling, IL 60090-6017
20431152       Capital One,   PO Box 6492,   Carol Stream, IL 60197-6492
20431154       Chase,   Card Member Service,   P.O. Box 15153,   Wilmington, DE 19886-5153
20431153       Chase,   Cardmember Service,   Po Box 15153,   Wilmington, DE 19886-5153
20431155       Chase Bank U.S.A., N.A.-Slate Card,   CardMember Service,   Wilmington, DE 19886-5153
20431156       Chase-AARP,   CardMember Service,   Wilmington, DE 19886-5153
20431157       Chase-National Geographic,   CardMember Service,   PO Box 15153,   Wilmington, DE 19886-5153
20431158       Chateau Village Nursing,   & Rehabilitation Center,   7050 W. Madison St.,
                 Willowbrook, IL 60527-5548
20431161       Cimpar, S.C.,   111 Superior St., Ste. 104,   Melrose Park,, IL
20431162       Citi Cards,   Processing Center,   Des Moines, IA 50363-0001
20431163      +City of Berwyn,   PO Box 438495,   Chicago, IL 60643-8495
20431164       City of Chicago,   Department of Revenue,   PO Box 88292,   Chicago, IL 60680-1292
20431165       Comcast Cable,   PO Box 3002,   Southeastern, PA 19398-3002
20431167       DCM Services, LLC,   7601 Penn Ave., S,   Suite A600,   Minneapolis, MN 55423-5004
20431170      +Drs. Bonet & Doyle,   Sean P. Gocke DPM,   1415 W. 47th St.,   La Grange, IL 60525-6149
20431171       Emergency Healthcare Phys,   39182 Treasury Center,   Chicago, IL 60694-9100
20431172       FIA Card Services - Regions,   P.O. Box 851001,   Dallas, TX 75285-1001
20431173      +GM-HSBC Card Services,   PO Box 1099,   Baltimore, MD 21203
20431176       Hinsdale Orthopaedics,   PO Box 914,   La Grange, IL 60525-0914
20431177      +I. DESAI & R. Gokani, M.D., SC,   5909 W. 35th Street,   Cicero,  60804-4181
20431178       Illinois Department of Revenue,   Bankruptcy Section,   PO Box 64338,   Chicago, IL 60664-0338
20431179       Illinois Laboratory Medicine Assoc.,   PO Box 5966,   Carol Stream, IL 60197-5966
20431181      +Lucas Ambulance Services,   PO Box 101,   Lyons, IL 60534-0101
20431188      +MPS KOHLI MD SC,   PO Box 970,   Matteson, IL 60443-0970
20431189      +MRS BPO, LLC,   1930 Olney Avenue,   Cherry Hill, NJ 08003-2016
20431182       MacNeal Hospital,   2384 Paysphere Circle,   Chicago, IL 60674-0023
20431183      +Malcolm S. Gerald & Assoc., Inc.,   332 S. Michigan Ave., Ste 600,   Chicago, IL 60604-4318
20431185      +Mary J. Raleigh,   Attorney at Law,   1011 Lake Street, Ste. 423,   Oak Park, IL 60301-1129
20431186      +Merchants' Credit Guide Co.,   223 W. Jackson Blvd., #400,   Chicago, IL 60606-6974
20431187       Metropolitan Advanced,   Radiological Services, Ltd.,   1362 Paysphere Circle,
                 Chicago, IL 60674-1362
20431190      +NCB Management Services Inc.,   PO Box 1099,   Langhorne, PA 19047-6099
20431192       Neurologic Care Assoc., PC,   PO Box 36174,   Chicago, IL 60694-0001
20431193       Northstar Location Services, LLC,   Attn: Financial Services Dept.,   4285 Genesee St.,
                 Buffalo, NY 14225-1943
20431196       PNC Bank,   PO Box 856177,   Louisville, KY 40285-6177
20431194       Platinum Care Ambulance,   PO Box 2553,   Naperville, IL 60567-2553
20431195       Platinum Care Inc.,   PO Box 2553,   Naperville, IL 60567-2553
20431197      +Potestivo & Assoc, P.C.,   223 W. Jackson Blvd.,   Suite 610,   Chicago, IL 60606-6911
20431198       Quest Diagnostics,   P.O. Box 809403,   Chicago, IL 60680-9403
20431199      +RBS Citizens, N.A.,   c/o Fisher & Shapiro,   2121 Waukegan Rd., Suite 301,
                 Bannockburn, IL 60015-1831
20431200      +RBS Citizens, N.A.,   c/o Potestivo & Associates, P.C.,   223 W. Jackson Blvd., Suite 610,
                 Chicago, IL 60606-6911
20431201       Stephen Sokalski, DO LTD.,   777 Oakmont Lane, Ste 1600,   c/o KLO Professional Billing,
                 Westmont, IL 60559-5577
20431202      +Stillpoint Mental Health,   201 E. Ogden Ave., Ste 116,   Hinsdale, IL 60521-3655
20431203       Suburban Radiologists SC,   1446 Momentum Place,   Chicago, IL 60689-5314
20431204      +Superior Air-Ground Ambulance Servi,   395 W. Lake Street,   Elmhurst, IL 60126-1508
20431206       Superior Air-Ground Ambulance Servi,   PO Box 1407,   Elmhurst, IL 60126-8407
20431205      +Superior Air-Ground Ambulance Servi,   PO Box 147,   Elmhurst, IL 60126-0147
```

```
District/off: 0752-1          User: ajauregui          Page 2 of 3              Date Rcvd: May 02, 2013
                             Form ID: pdf001           Total Noticed: 68
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
20431145      E-mail/Text: g20956@att.com May 03 2013 00:36:02      At&T Mobility,   PO Box 6416,
              Carol Stream, IL 60197-6416
20431160     +E-mail/Text: collections@bluelynxmedia.com May 03 2013 00:39:51      Chicago Tribune,
              435 N. Michigan Ave.,   Chicago, IL 60611-4024
20431166     +E-mail/Text: bankruptcy_notifications@ccsusa.com May 03 2013 00:36:09
              Credit Collection Services,   Two Wells Avenue,   Newton Center, MA 02459-3246
20431168      E-mail/PDF: mrdiscen@discoverfinancial.com May 03 2013 02:10:00      Discover,   PO Box 6103,
              Carol Stream, IL 60197-6103
20431169      E-mail/PDF: mrdiscen@discoverfinancial.com May 03 2013 02:10:00      Discover Card,   PO Box 6103,
              Carol Stream, IL 60197-6103
20431174     +E-mail/Text: dsolideo@glc-law.com May 03 2013 00:37:47      Grabowski Law Center, LLC,
              1400 E. Lake Cook Rd., Ste.110,   Buffalo Grove, IL 60089-1865
20431175      E-mail/Text: tkowalczyk@heartcc.com May 03 2013 00:36:06      Heart Care Centers of IL,
              PO Box 766,   Bedford Park, IL 60499-0766
20431180      E-mail/Text: cio.bncmail@irs.gov May 03 2013 00:31:37      Internal Revenue Service,
              Centralized Insolvency Operations,   P.O. Box 7346,   Philadelphia, PA 19101-7346
20431191      E-mail/Text: bankruptcydepartment@ncogroup.com May 03 2013 00:39:29
              NCO Financial Systems, Inc.,   P.O. Box 15773,   Wilmington, DE 19850-5773
                                                                                          TOTAL: 9


           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
20431159*     Chateau Village Nursing &,   Rehabilitation Center,   7050 W. Madison Street,
              Willowbrook, IL 60527-5548
20431184*    +Malcolm S. Gerald & Assoc., Inc.,   332 S. Michigan Ave., Ste. 600,   Chicago, IL 60604-4318
                                                                               TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 04, 2013**              **Signature:**  _Joseph Speetjens_

```
District/off: 0752-1          User: ajauregui          Page 3 of 3          Date Rcvd: May 02, 2013
                             Form ID: pdf001          Total Noticed: 68
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 2, 2013 at the address(es) listed below:
        David P Lloyd    on behalf of Debtor Edward P. Komperda courtdocs@davidlloydlaw.com
        Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
        Tom  Vaughn   ecf@tvch13.net,  ecfchi@gmail.com

                                         TOTAL: 3