IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>EDWARD P. KOMPERDA,<br><br>Debtor | Chapter 13<br><br>Case No. 13-18678<br><br>JUDGE JACQUELINE P. COX |

## NOTICE OF MOTION

TO:  See attached Service List

**PLEASE TAKE NOTICE** that on **September 30, 2013**, at **9:00 A.M.**, or as soon thereafter as counsel may be heard, RBS Citizens, N.A., successor by merger to CCO Mortgage Corp., successor to Charter One Bank, N.A., by its attorneys, shall appear before the Honorable Jacqueline P. Cox in **Courtroom 680** of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, or before any judge who may be sitting in her stead, and request an order granting the attached **Motion for Relief from the Automatic Stay**. A copy of the Motion is attached hereto and herewith served upon you.

Respectfully submitted,

**RBS CITIZENS, N.A., SUCCESSOR BY MERGER TO CCO MORTGAGE CORP., SUCCESSOR TO CHARTER ONE BANK, N.A.**

By: /s/Timothy S. McFadden
One of its Attorneys

Timothy S. McFadden (ARDC No. 6275486)
BARNES & THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(Tel): (312) 214-8307
(Fax): (312) 759-5646

## CERTIFICATE OF SERVICE

I, Timothy McFadden, certify pursuant to penalties of perjury, that I caused the **Motion for Relief from the Automatic Stay** and **Notice of Motion** to be served via the Court's ECF system on 16th day of September, 2013 and depositing the same in the United States mail on or before 5:00 P.M. on September 16, 2013, with proper postage prepaid on the following persons:

David P. Lloyd
David P. Lloyd, Ltd.
615B South LaGrange Road
LaGrange, Illinois 60525
courtdocs@davidlloydlaw.com

Edward P. Komperda
C/O Mark Komperda
2925 Lincoln
Riverside, IL 60546

Trustee
Tom Vaughn
55 East Monroe Street, Suite 3850
Chicago, Illinois 60603
chiweb@tvch13.net

U.S. Trustee
Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
USTPRegion11.ES.ECF@usdoj.gov

/s/Timothy S. McFadden
Timothy S. McFadden

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>EDWARD P. KOMPERDA,<br><br>    Debtor | Chapter 13<br><br>Case No. 13-18678<br><br>JUDGE JACQUELINE P. COX |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW COMES** RBS Citizens, N.A. ("RBS"), successor by merger to CCO Mortgage Corp., successor to Charter One Bank, N.A., a secured creditor of Edward P. Komperda (the "Debtor"), by and through its attorneys, Barnes & Thornburg LLP, and for its Motion for Relief from the Automatic Stay (the "Motion"), respectfully states as follows:

### PARTIES

1. RBS is a corporation with offices in Glen Allen, Virginia with a post-petition payment address at 10561 Telegraph Road, Glen Allen, Virginia 23059.

2. The Debtor is an individual with an address at c/o of Mark Komperda, 2925 Lincoln, Riverside, Illinois 60546.

3. Tom Vaughn (the "Trustee") is the duly appointed Chapter 13 Trustee and is currently acting in such a capacity.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G) and (O).

6.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7.  RBS holds a first and second mortgage (the "Mortgage") on the Debtor's real property located at 45 Long Common Road, Riverside, Illinois 60546 (the "Mortgaged Property") recorded in the Recorder of Deeds of Cook County, Illinois to secure a Note (the "Note") with an original principal balance of $190,000. Attached hereto are true and correct copies of the Mortgage and Note as Exhibits "A" and "B" respectively.

8.  RBS is the holder of the Mortgage and Note by way of merger. Attached as Exhibit "C" is the Certificate of Merger evidencing RBS as the current holder.

9.  On May 1, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

10.  On May 2, 2013, the Debtor filed its Chapter 13 Plan (the "Debtor's Plan"), whereby the Debtor, among other things, agreed to make adequate protection payments consisting of interest only, at the rate of five (5) percent per annum, in the approximate amount of $225.00 per month on the first mortgage and $1050.00 per month on the second mortgage on the Mortgaged Property to RBS.

11.  On August 19. 2013, the Court confirmed the Debtor's Plan. (the "Order Confirming Plan").

12.  As of the Petition Date, the Debtor owed RBS an amount not less than $98,116.38.

13. RBS believes and therefore avers that there is a second mortgage in regard to the Mortgaged Property in a payoff amount equal to $209,016.69[1]. A true and correct copy of the Required Statement (the "Required Statement") is attached hereto as Exhibit "D".

14. RBS believes and therefore avers that the Debtor's interest in the Mortgaged Property is $325,000[2].

15. RBS has not received any post-petition payments and believes that the Debtor has no intention to remit any prospective payments with respect to the Mortgage and the related Mortgaged Property.

## BASIS FOR RELIEF FROM THE AUTOMATIC STAY

16. Relief from the automatic stay is permitted under 11 U.S.C. § 362(d), which states, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> > (A) the debtor does not have an equity interest in such property, and
> >
> > (B) such property is not necessary to an effective reorganization . . . .

11 U.S.C. § 362(d).

---

[1] Pursuant to Schedule D
[2] Pursuant to Schedule A

17. Pursuant to 11 U.S.C. § 362(d)(1), relief from the automatic stay is appropriate because RBS's interest in the Mortgaged Property is not adequately protected.

18. The Debtor has not and continuously fails to make post-petition payments when due and owing in violation of, *inter alia*, the Order Confirming Plan and applicable law.

19. Pursuant to Federal Rule of Bankruptcy Procedure 40001(a)(3), RBS respectfully requests, without further delay, that the fourteen (14) day stay of the effect of the Court's order granting relief from the stay be waived.

WHEREFORE, RBS Citizens, N.A., respectfully requests that that this Court enter an order granting RBS Citizens, N.A., relief from the automatic stay as to the Mortgaged Property more commonly known as 45 Long Common Road, Riverside, Illinois 60546 for the sole purpose of allowing RBS to obtain an *in rem* judgment against the property; any other remedies RBS may have under applicable non-bankruptcy law; that the fourteen (14) day stay of the effect of the Court's order granting relief from the stay as requested herein; and that the Court grant RBS all other relief that is just and proper.

Dated: September 16, 2013

Respectfully submitted,

**RBS CITIZENS, N.A.**

By: /s/*Timothy S. McFadden*
One of Its Attorneys

Timothy S. McFadden (ARDC No. 6275486)
BARNES & THORNBURG LLP
1 North Wacker Drive, Suite 4400
Chicago, Illinois 60606
(Tel): (312) 214-8307
(Fax): (312) 759-5646