**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Edward P. Komperda | ) | Bankruptcy No. 13 B 18678 |
| | ) | Chapter 13 |
| | ) | |
| Debtor | ) | Judge Jacqueline P. Cox |
| | ) | |

To:   Tom Vaughn, Trustee; chiweb@tvch13.net.com
       mcope@weltman.com

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **January 6, 2014,** at the hour of 9:00 A.M., or as soon thereafter as counsel may be heard, I shall appear before the honorable Jacqueline P. Cox in Courtroom 680 of the United States Bankruptcy Court, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting in her place and stead, and shall then and there present the attached **Motion to Vacate Order Modifying Stay**, a copy of which is hereby served upon you.  You may appear if you so choose.

> David P. Lloyd
> 615B S. LaGrange Rd.
> LaGrange IL  60525
> 708-937-1264
> Fax: 708-937-1265

### CERTIFICATE OF SERVICE

I, David P. Lloyd, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice where indicated, or by first class mail by depositing with the United States Postal Service, LaGrange, Illinois, postage prepaid, prior to 5:00 P.M., this 26th day of December, 2013.

> _____/s/ David P. Lloyd_____
> David P. Lloyd

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Edward P. Komperda | ) | Bankruptcy No. 13 B 18678 |
| | ) | Chapter 13 |
| | ) | |
| Debtor | ) | Judge Jacqueline P. Cox |
| | ) | |

## MOTION TO VACATE ORDERS MODIFYING STAY

NOW COMES the Debtor, Edward P. Komperda, by and through his attorneys, David P. Lloyd, Ltd., and moves this honorable Court to vacate the orders entered December 16, 2013, modifying the automatic stay in favor of Charter One Bank, N.A. ("Charter One"), and in support thereof states as follows:

1. The Debtor commenced this case by filing a voluntary Chapter 13 petition on May 1, 2013.

2. Among the creditors in this case is Charter One, which holds both a first mortgage and a second mortgage on the Debtor's residence, located at 45 Longcommon Road, Riverside, Illinois. Charter One's mortgages are serviced by RBS Citizens Bank, and Charter One requires that all payments on the two mortgages be made to RBS Citizens.

3. The Debtor's plan provides for the sale of his residence. As adequate protection of the first and second mortgage held by Charter One, the plan provides for payment of $225.00/month on the first mortgage, and $1,050.00/month on the second mortgage, commencing June 1, 2013, and continuing until the residence is sold.

4. The Debtor's plan was confirmed on August 19, 2013.

5. The Debtor made his first $1,050.00 adequate protection payment on Charter One's

second mortgage, payable to RBS Citizens, on May 28, 2013, for the June 1 payment. The payment was sent to Potestivo & Associates, a law firm that had represented Charter One and RBS Citizens in a pre-petition collection action.

6. On May 29, 2013, Potestivo & Associates, P.C., returned the May 28 payment to counsel for the Debtor. A copy of its letter returning the payment is attached as Exhibit "A." Counsel for the Debtor then sent the check directly to RBS Citizens, which received it on June 17, 2013.

7. On September 16, 2013, Charter One filed a motion to modify stay in regard to its first mortgage, through its counsel, Timothy S. McFadden of Barnes & Thornburg. Charter One based its motion on the lack of payment of the contractual first mortgage payment, which was not due because the plan, binding on all creditors upon confirmation, provided for the $225/month adequate protection payment on the first mortgage.

8. On September 18, 2013, counsel for the Debtor filed a response to that motion, showing that the provisions of the confirmed plan required Charter One to accept the adequate protection payments, and alleging that the Debtor had made adequate protection payments but they had been returned. At the hearing on that motion, on September 30, 2013, counsel for the Debtor explained the provisions of the plan and tendered a payment on the first mortgage, and also re-tendered the $1,050.00 payment from May 28, 2013. On the basis of that information and payment, Mr. McFadden, counsel for Charter One regarding its first mortgage, withdrew his motion to modify stay.

9. On October 4, 2013, counsel for the Debtor sent four monthly payments of $1,050.00 each, representing the July through October, 2013, adequate protection payments on the second mortgage, to Timothy McFadden. A copy of the letter conveying those payments is attached hereto as Exhibit "B."

10. On October 8, 2013, Timothy McFadden sent a letter to counsel for the Debtor with the mailing address for future payment to RBS Citizens. A copy of that letter is attached hereto as Exhibit "C."

11. On October 9, 2013, Charter One filed its motion to dismiss and motion for relief and co-debtor relief, regarding its second mortgage. The motion was set for hearing on October 21, 2013.

12. Prior to the October 21 hearing, counsel for the Debtor contacted Monette Cope, new counsel for Charter One regarding its second mortgage, to explain the provisions of the plan regarding adequate protection and the payment of the previous $1,050/month payments. Counsel agreed to continue the motion to November 18, 2013, to investigate the payments.

13. On November 15, 2013, counsel for the Debtor sent an email to Monette Cope, attaching a copy of a check for $1,050.00 for the November adequate protection payment on the second mortgage that was the subject of the motion, and also attaching a copy of checks for the $225/month adequate protection payments on the first mortgage. A copy of that email is attached hereto as Exhibit "D."

14. On November 16, 2013, counsel for Charter One, Monette Cope, sent an email to counsel for the Debtor, acknowledging receipt of the November 15 tender and explaining that she would continue her motion to December 16 for the checks to clear. A copy of that email is attached hereto as Exhibit "E."

15. On November 18, 2013, counsel for the Debtor sent the November $1,050.00 adequate protection payment to the mailing address that Charter One's previous counsel, Timothy McFadden, had given him. A copy of the letter conveying that payment is attached hereto as Exhibit "F."

16. On December 16, 2013, despite Charter One having received all adequate protection payments through November, and despite correspondence between Charter One's new counsel and Debtor's counsel regarding the November payment, Charter One's counsel represented to the Court that her client had not received <u>any</u> payments, and on that basis the motion for relief from stay and for relief from co-debtor stay was granted. At that hearing, both counsel agreed to the striking of the waiver of the 14-day stay provision of Bankruptcy Rule 4001(a)(3), but the order that was entered does contain the waiver.

17. Copies of the five adequate protection payments for June through October on the second mortgage to Charter One are attached hereto as Group Exhibit "G.". Each check bears a stamp, applied by Charter One, showing the date received. The May 28 check for the June payment, was received on June 17, 2013. The four checks for July through October were received October 15, 2013.

18. The November adequate protection payment, sent by Debtor's counsel on November 18, 2013, is attached hereto as Exhibit "H."

19. The Debtor was ready to pay the December adequate protection payment at the December 16 hearing, but upon the misrepresentation that Charter One had received no payments at all, and the granting of the motion to modify stay, he did not make the payment.

20. The Debtor is prepared to pay the December, 2013, and January, 2014, adequate protection payments, and to replace the June through November payments, if Charter One has lost them, as long as Charter One indemnifies him for any cost of stopping and reissuing payment.

21. The order of December 16, 2013, modifying the automatic stay and modifying the co-debtor stay, was obtained through mistake or fraud, and should be vacated pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE the Debtor prays that the Court vacate the orders of December 16, 2013, modifying the automatic stay and modifying the co-debtor stay as to Charter One Bank, N.A.

        Respectfully submitted,
        Edward P. Komperda


        By:_____/s/ David P. Lloyd_____
               One of his attorneys

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265